IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
ROBERT & CAROL EAGER            CASE NO. 3:13-bk-10512
8353 APT A NICHOLS ST             CHAPTER 13
FT. CAMPBELL, KY 42223            JUDGE MASHBURN
SSN xxx-xx-0903, xxx-xx-5333
         Debtor(s).

## NOTICE OF AMENDED CH 13 PLAN

Come now the Debtors, by and through counsel, and hereby submits an amended proposed chapter 13 plan as attached. Debtors' chapter 13 plan is amended to include a domestic support obligation.

Dated on December 19, 2013

                                        **RESPECTFULLY SUBMITTED,**

                                        /s/ *Scott D. Wilson*
                                        **SCOTT D. WILSON, NO. 20339**
                                        Attorney for Debtor(s)
                                        405 1/2 A 31st Ave. N.
                                        Nashville, TN 37209
                                        Phone: (615) 297-2400
                                        Fax:    (615) 810-8958
                                        wilsonlgl@hotmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing has been sent via certified United States Postal Service, postage prepaid (or via the U.S. Bankruptcy Court's Electronic Filing CM/ECF System), to the following:

Office of the U. S. Trustee
Room 318, Customs House
701 Broadway
Nashville, Tennessee 37203
*Via CM/ECF: ustpregion08.na.ecf@usdoj.gov*

Chapter 13 Trustee
Henry E. Hildebrand, III
P.O. Box 340019
Nashville, TN 37203
*Via CM/ECF: hhecf@ch13nsh.com*

KIA MOTOR FINANCE CO
10550 TALBERT AVE
FOUNTAIN VALLEY, CA 92708

SANTANDER
PO BOX 961245
FORT WORTH, TX 76161

UNITED CONSUMER FINANCIAL SERVICES
865 BASSETT RD
WESTLAKE, OH 44145

USA DISCOUNTERS CREDIT
PO BOX 8008
ATTN: BANKRUPTCY DEPT
VIRGINIA BEACH, VA 23450

OFFICE OF THE ATTORNEY GENERAL
CHILD SUPPORT DIVISION
PO BOX 12017
AUSTIN, TX 78711-2548

BRITT HOESS
37 MARCY LANE
COLLEGE STATION, TX 77842

TOTAL MAILINGS  34
(6 certified mailings @ $3.00 per each mailing = $18.00)
(28 regular USPS mailings @ 1.00 per each mailing = $28.00)

ENCLOSURES:
   1) AMENDED PROPOSED CHAPTER 13 PLAN
Dated on December 19, 2013

                                            /s/Scott D. Wilson
                                            Scott D. Wilson

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:  )  Bankruptcy Case No.
**ROBERT WESLEY EAGER**  )  Judge
**CAROL ROXIE EAGER**  )
 )  ☒ **Original Chapter 13 Plan**
 )
 )  ☒ **Amended Chapter 13 Plan**
 )   Dated **December 19, 2013**
 )
 )
 )
Debtor(s).

☒ This plan contains special provisions, set out in Section 10.01. If this box is blank, the plan includes no provision deviating from the model plan.

☐ This plan contains motion(s) to value collateral.   ☐ This plan contains motion(s) to void liens.

**NOTICE: Absent timely objection, this plan and any included motions may be approved without further notice or hearing at the conclusion of the Meeting of Creditors. To be timely, objections to the plan or motions:**
 **(a) Must be in writing and must be filed and served prior to the Meeting of Creditors; or**
 **(b) Must be stated orally at the Meeting of Creditors.**
**If objections are timely filed or stated orally at the Meeting of Creditors, a hearing on confirmation will be held at the contested confirmation hearing date indicated on the Notice of Meeting of Creditors and Deadlines.**

### Commitment Period and Plan Payments

**1.01 Commitment Period.** The applicable commitment period is **X** 3 years or __ 5 years. The estimated length of this plan is **60** months.

**1.02 Monthly Payments.** Debtor shall pay to the Trustee the sum of $ **1,601.00 Monthly** for **60** months commencing **December 2013**, totaling $ **96,060.00**.
Joint Debtor shall pay to the Trustee the sum of $____ for __ months commencing ___, totaling $__.

The Debtor(s) requests an order requiring the withholding of money from income to fund this plan.

**1.03 Other Payments.** In addition to periodic payments from future earnings, Debtor(s) will make other payment(s) as follows:

| Amount of Payment | Date | Source of Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**1.04 Tax Refunds.** Debtor(s) shall __/shall not **X** turn over to the Trustee and pay into the plan annual tax refunds for all tax years ending during the plan.

### Claims and Expenses

**A. Proofs of Claim**

**2.01 Filing of Proofs of Claim Required for Payment.** Except as provided in 2.02, a Proof of Claim must be filed before any secured, unsecured or priority creditor will be paid pursuant to this plan. Only allowed claims will be paid.

**2.02 Retirement Loans.** Payments on loans from retirement or thrift savings plans described in § 362(b)(19) falling due after the petition shall be paid by Debtor(s) directly to the entity entitled to receive payments without regard to whether a Proof of Claim is filed.

1

**2.03 Proof of Claim Controls Amount.** Absent objection, a Proof of Claim, not this plan or the schedules, determines the amount of a claim.

**2.04 Plan Controls Everything Else.** If a claim is provided for by this plan and a Proof of Claim is filed, the classification, treatment and payment of that claim--everything except amount--shall be controlled by this plan.

**2.05 Claims Not Provided for by the Plan.** If a claim is not provided for by this plan and a Proof of Claim is filed, until the plan is modified to provide otherwise, the claim will receive no distribution.

**B. Fees and Administrative Expenses**

**3.01 Fees to the Attorney for the Debtor(s) and Filing Fees.** The fees to the attorney for the Debtor(s), costs and filing fees shall be paid as follows:

**(a)** ☒ The filing fee and notice fee established by 28 U.S.C. § 1930 shall be paid by the Trustee as soon as practicable.

☐ The filing fee and notice fee have been paid by the Debtor(s).

**(b)** The attorney for the Debtor(s) shall be paid $ **4,000.00** as follows: **$285.00 PER MONTH**.

**(c)** No fees were paid to the attorney for the Debtor(s) prior to filing the petition except $ **0.00**.

**C. Priority Claims Including Domestic Support Obligations**

**4.01 Post-Petition Domestic Support Obligations.**

☐ The Debtor(s) has no Domestic Support Obligation.

☒ The Debtor(s) has Domestic Support Obligations which are current and will be paid directly by the Debtor(s).

☐ The Debtor(s) has Domestic Support Obligations which will be paid by the Trustee as follows:

| Recipient | Monthly Ongoing Support | When Terminates |
|---|---|---|
| OFFICE OF THE ATTORNEY GENERAL CHILD SUPPORT DIVISION & BRITT HOESS | $400 ONGOING MONTHLY PAYMENT. NO ARREARAGES | NOVEMBER 2020 & MAY 2022 |

**4.02 Arrears on Domestic Support Obligations.** The Trustee shall pay in full the arrears on Domestic Support Obligations as follows:

| Recipient | Total Arrears Due | Last Mo. Included in Arr. | Plan Treatment |
|---|---|---|---|
| -NONE- | | | |

**4.03 Other Priority Claims.** The Trustee shall pay in full other priority claims as follows:

| Creditor Name | Type of Priority | Estimated Amount | Plan Treatment |
|---|---|---|---|
| -NONE- | | | |

**D. Secured Claims**

**5.01 Curing Default and Maintaining Payments Including Long-Term Debts.**

**(a) Maintaining Payment.** Mortgage creditors are also directed to § 9.06 of this plan. Post-confirmation payments listed below shall be maintained consistent with the underlying agreement, commencing with the first payment due after confirmation. If the Trustee disburses these payments, any payment may be adjusted by the Trustee as necessary to reflect changes in interest rates, escrow payments or other matters pursuant to § 9.06. The Trustee shall notify the Debtor(s) and the attorney for the Debtor(s) of any change at least seven days prior to effecting such change.

| Creditor Name | Property Description | Mthly. Pmt. | When Terminates | Paid By Debtor or Trustee? |
|---|---|---|---|---|
| -NONE- | | | | |

**(b) Curing Default.** Arrears on debts provided for pursuant to § 5.01(a) above shall be paid by the Trustee as follows:

| Creditor Name | Property Description | Estimated Arrears | Last Month in Arrears | Plan Treatment |
|---|---|---|---|---|
| -NONE- | | | | |

**5.02 Secured Claims Paid Per § 1325(a)(5).** This section is also used to specify pre-confirmation adequate protection payments (see § 9.01), and to provide for claims secured by real property not provided for in § 5.01.

**(a) Secured Claims Not Subject to § 506 ["Hanging Sentence" claims].** The following claims are treated as fully secured, to be paid in full by the Trustee:

| Creditor Name | Collateral Description | Est. Claim Amt. | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| **Kia Motors Finance Co** | 2013 KIA OPTIMA LX GDI APPROX. 7,400 MILES | 21,207.00 | 3.25 | 383.42 | 0.00 |
| **SANTANDER** | 2010 FORD F150 APPROX. 32,237 MILES $28,550.00 | 33,156.23 | 3.25 | 599.46 | 0.00 |
| **United Consumer Financial Services** | VACCUM CLEANER $500 | 1,568.00 | 3.25 | 28.35 | 0.00 |
| **Usa Discounters Credit** | COUCH $600, TV $1,000, DINING ROOM TABLE $1,000, OTTOMAN $300, CHAIR $300 | 7,623.00 | 3.25 | 137.82 | 0.00 |

*Adequate Protection Payment, if applicable

**(b) Secured Claims Not Subject to § 506, Modified by Acceptance.** The claims listed below shall be paid only to the extent of the offer by the Debtor(s) unless the listed creditor timely objects to confirmation. **ACCEPTANCE OF THE PLAN WILL BE PRESUMED UNLESS THE AFFECTED CREDITOR TIMELY OBJECTS TO CONFIRMATION IN WRITING OR ORALLY AT THE MEETING OF CREDITORS.**

| Creditor Name | Collateral Description | Debtor Offer to Pay | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| -NONE- | | | | | |

*Adequate Protection Payment, if applicable

**(c) Secured Claims Subject to § 506. DEBTOR(S) MOVES TO DETERMINE THE VALUE OF THE CLAIMS LISTED BELOW.** The claims listed below are secured claims only to the extent of the value of the collateral pursuant to § 506(a). The claims listed below shall be treated as secured and paid by the Trustee only to the extent of the value stated unless the creditor timely objects to confirmation.

| Creditor Name | Collateral Description | Value | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| -NONE- | | | | | |

*Adequate Protection Payment, if applicable

**(d) Secured Claims Provided for by Surrender of Collateral.** Debtor(s) shall surrender the following collateral not later than 7 days after confirmation. Creditors listed below are granted relief from the codebtor stay under § 1301 and relief from the § 362 stay to permit recovery and disposition of property upon the later of entry of the confirmation order or 21 days following the filing of a Proof of Claim. The provisions of Bankruptcy Rule 4001(a)(3) are waived.

| Creditor Name | Collateral Description | Estimated Deficiency |
|---|---|---|
| -NONE- | | |

**5.03 Motion To Avoid Liens.** DEBTOR(S) MOVES TO AVOID THE LIENS LISTED BELOW:

| Creditor Name | Collateral Description | Authority to Avoid Lien |
|---|---|---|
| **-NONE-** | | |

**5.04 Lien Retention.** Allowed secured claim holders retain liens until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328; or, if the case is dismissed or converted without completion of the plan, such liens shall be retained to the extent recognized by applicable non-bankruptcy law.

**E. Unsecured Claims**

**6.01 Non-Priority Unsecured Claims.** Allowed non-priority unsecured claims, not separately classified below, shall be paid, pro rata, not less than __20__ %. If applicable, unsecured claims will be paid interest at the rate of **0**%.

**6.02 Separately Classified Unsecured Claims.** The unsecured claim(s) listed below are separately classified.

| Creditor Name | Description of Debt | Treatment |
|---|---|---|
| **-NONE-** | | |

**6.03 Postpetition Claims.** Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.

**F. Executory Contracts and Leases**

**7.01 Assumption and Rejection of Leases and Executory Contracts.** All executory contracts and leases are rejected by confirmation of the plan except the leases and contracts listed below are assumed by the Debtor(s) and shall be paid as indicated.

| Lessor/Contract | Property Leased | Amt. of Monthly Pymt. | Paid By | Maturity Date |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.02 Arrears on Leases and Executory Contracts.** The arrears on assumed leases and executory contracts shall be paid by the Trustee as follows:

| Lessor/Contract | Property Leased | Estimated Arrears | Treatment |
|---|---|---|---|
| **-NONE-** | | | |

**7.03 Other Provisions Related to Leases and Executory Contracts.**

**(a)** Leases and executory contracts assumed in this plan shall be paid only upon the filing of a Proof of Claim.

**(b)** The payment amounts specified above are the estimate by the Debtor(s) of the required payments. The monthly payment and total amount due on any assumed lease or executory contract shall be as specified on the Proof of Claim.

**(c)** Debtor(s) shall surrender the following leased property not later than 7 days after confirmation. Creditors listed below are granted relief from the codebtor stay under § 1301 and relief from the § 362 stay to permit recovery and disposition of the leased property upon the later of entry of the confirmation order or 21 days following the filing of a Proof of Claim. The provisions of Bankruptcy Rule 4001(a)(3) are waived.

| Creditor | Property |
|---|---|
| **-NONE-** | |

4

## Order of Distribution

**8.01** ☒ **Regular Distribution.** The Trustee shall pay as funds are available, in the following order:

- Filing fees and notice fees (§ 3.01(a))
- Trustee commission
- Domestic Support Obligations that become due after the petition (§ 4.01)
- Attorney's fees (§ 3.01(b))
- Secured claims and mortgages with fixed monthly payments (§ 5.01 and § 5.02)
- Arrearages cured through the plan (§ 5.01(b))
- Domestic Support Obligations due at the petition date (§ 4.02)
- Other priority claims without a specified monthly payment (§ 4.03)
- Separately classified unsecured claims (§ 6.02)
- General unsecured claims (§ 6.01)
- Claims allowed pursuant to § 1305 (§ 6.03)

**8.02** ☐ **Alternate Distribution of Plan Payments.** If the regular distribution of plan payments is not selected, then the alternate distribution of payments shall be as specified in Section 10.01 below, "Additional and Non-Conforming Plan Provisions."

## Miscellaneous Plan Provisions

**9.01 Adequate Protection Payments.** Prior to confirmation the Trustee shall pay on account of allowed secured claims as specified in § 5.02(a), (b) and (c) adequate protection payments as required by § 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

**9.02 Vesting of Property.** All property of the estate remains property of the estate notwithstanding confirmation and shall not revest in the Debtor(s) until dismissal or discharge.

**9.03 Duties of the Debtor(s).** In addition to the duties imposed by the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, this plan imposes the following additional duties on the Debtor(s):

**(a) Transfers of Property and New Debt.** Debtor(s) is prohibited from transferring, encumbering, selling or otherwise disposing of any property of the estate with a value of $1,000 or more without first obtaining court authorization. Except as provided in § 364 and § 1304, Debtor(s) shall not incur new debt without first obtaining court authorization or obtaining Trustee consent pursuant to § 1305.

**(b) Insurance.** Debtor(s) shall maintain insurance protecting all property of the estate to the extent of any value in excess of the liens and exemptions on such property.

**9.04 Effective Date of the Plan.** The date the confirmation order is entered shall be the Effective Date of the Plan.

**9.05 Preservation and Retention of Causes of Action.** Trustee and/or Debtor(s) retain the right to pursue any causes of action for the benefit of the Debtor(s) and/or the estate.

**9.06 Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**

**(a)** Confirmation of this Plan imposes upon any claimholder treated under § 5.01 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

## Additional and Nonconforming Plan Provisions

**10.01** Except as provided immediately below, the preprinted language of this form has not been altered. Debtor(s) proposes additional or different plan provisions or specifies that any of the above provisions will not be applicable as follows:

A PAYROLL DEDUCTION ORDER WILL ISSUE TO DEBTOR'S EMPLOYER AT:

DFAS ATTN: DFASIN/JAMBF
8899 EAST 56TH ST
INDIANAPOLIS, IN 46249-2410

Respectfully submitted,

**/s/ SCOTT WILSON, ESQ.**
**SCOTT WILSON, ESQ. 20339**
Attorney for Debtor(s)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0650-3<br>Case 3:13-bk-10512<br>MIDDLE DISTRICT OF TENNESSEE<br>Nashville<br>Thu Dec 19 17:06:38 CST 2013 | 701 Broadway Room 170<br>Nashville, TN 37203-3944 | AVANTE<br>2950 S GESSNER<br>HOUSTON TX 77063-3751 |
| American InfoSource LP as agent for<br>Midland Funding LLC<br>PO Box 268941<br>Oklahoma City, OK 73126-8941 | CAPITAL 1 BANK<br>ATTN: BANKRUPTCY DEPT.<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CBS COL CLRK<br>ATTN: LISA TRIMBLE<br>PO BOX 482<br>CLARKSVILLE TN 37041-0482 |
| CENTERPOINT<br>ATTN:BANKRUPTCY DEPT<br>PO BOX 1700<br>HOUSTON TX 77251-1700 | CITIBANK<br>C/O NORTHLAND GROUP INC<br>PO BOX 390846<br>MINNEAPOLIS MN 55439-0846 | CREDIT CONTROL CORP<br>11821 ROCK LANDING DR<br>NEWPORT NEWS VA 23606-4207 |
| DBA PARAGON REVENUE GR<br>PO BOX 126<br>CONCORD NC 28026-0126 | FIRST PREMIER BANK<br>3820 N LOUISE AVE<br>SIOUX FALLS SD 57107-0145 | GECRB/CARE CREDIT<br>ATTN: BANKRUPTCY<br>PO BOX 103104<br>ROSWELL GA 30076-9104 |
| GINNYS/SWISS COLONY INC<br>ATTN: BANKRUPTCY<br>1112 7TH AVE<br>MONROE WI 53566-1364 | GM FINANCIAL<br>PO BOX 181145<br>ARLINGTON TX 76096-1145 | GULF COAST COLLECTION<br>5630 MARQUESAS CIR<br>SARASOTA FL 34233-3331 |
| HUNTER WARFIELD<br>ATTENTION: COLLECTIONS DEPARTMENT<br>4620 WOODLAND CORPORATE BLVD<br>TAMPA FL 33614-2415 | IC SYSTEM<br>ATTN: BANKRUPTCY<br>444 HIGHWAY 96 EAST; PO BOX 64378<br>ST. PAUL MN 55164-0378 | KIA MOTORS FINANCE CO<br>10550 TALBERT AVE<br>FOUNTAIN VALLEY CA 92708-6031 |
| MIDLAND FUND<br>8875 AERO DR STE 200<br>SAN DIEGO CA 92123-2255 | MIDLAND FUNDING<br>8875 AERO DR STE 200<br>SAN DIEGO CA 92123-2255 | MIDNIGHT VELVET<br>SWISS COLONY MIDNIGHT VELVET<br>1112 7TH AVE<br>MONROE WI 53566-1364 |
| MILITARY STAR<br>3911 S WALTON WALKER BLV<br>DALLAS TX 75236-1509 | NCO FIN /99<br>PO BOX 15636<br>WILMINGTON DE 19850-5636 | PINNACLE CREDIT SERVICE<br>ATTN: BANKRUPTCY<br>PO BOX 640<br>HOPKINS MN 55343-0640 |
| PIONEER MCB<br>4000 S EASTERN AVE STE 3<br>LAS VEGAS NV 89119-0824 | PREFERRED CREDIT INC<br>PO BOX 1970<br>ST CLOUD MN 56302-1970 | RECEIVABLES MANAGEMENT<br>14675 MARTIN DR<br>EDEN PRAIRIE MN 55344-2004 |
| RJM ACQ LLC<br>575 UNDERHILL BLVD SUITE 224<br>SYOSSET NY 11791-3416 | SALLIE MAE<br>11100 USA PKWY<br>FISHERS IN 46037-9203 | SANTANDER<br>PO BOX 961245<br>FORT WORTH TX 76161-0244 |

| | | |
|---|---|---|
| SILVERLEAF VACATION CL<br>1221 RIVERBEND DR., SUITE 120<br>DALLAS TX 75247-4911 | Santander Consumer USA<br>P.O. Box 560284<br>Dallas, TX 75356-0284 | U S DEPT OF ED/GSL/ATL<br>PO BOX 4222<br>IOWA CITY IA 52244 |
| UNITED CONSUMER FINANCIAL SERVICES<br>865 BASSETT RD<br>WESTLAKE OH 44145-1194 | US TRUSTEE<br>OFFICE OF THE UNITED STATES TRUSTEE<br>701 BROADWAY STE 318<br>NASHVILLE, TN 37203-3966 | USA DISCOUNTERS CREDIT<br>PO BOX 8008<br>ATTN: BANKRUPTCY DEPARTMENT<br>VIRGINIA BEACH VA 23450-8008 |
| CAROL ROXIE EAGER<br>8353 APT A NICHOLS ST<br>Fort Campbell, KY 42223-3859 | HENRY EDWARD HILDEBRAND III<br>OFFICE OF THE CHAPTER 13 TRUSTEE<br>PO BOX 340019<br>NASHVILLE, TN 37203-0019 | ROBERT WESLEY EAGER<br>8353 APT A NICHOLS ST<br>Fort Campbell, KY 42223-3859 |
| SCOTT D WILSON<br>405 1/2A 31ST AVE NORTH<br>NASHVILLE, TN 37209 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BYERS & HARVEY

End of Label Matrix
Mailable recipients   39
Bypassed recipients    1
Total                 40